IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOSEPH MARK DAIGLE | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-128 |
| J. PEREZ, ET AL. | § | |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Joseph Mark Daigle, a prisoner confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against J. Perez, Wayne A. Grigsby, Taliesian Stern, the Office of the Inspector General, C. R. Rice, Tony Andersen, and Deeanne Andersen.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing the action with prejudice to the claims being asserted until plaintiff meets the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

Plaintiff contends that he was entitled to due process because he was charged with a felony offense. This claim lacks merit. Plaintiff was not charged in a state court with a violation of a state

criminal statute; he was charged in a prison disciplinary case with an infraction of a prison rule. Plaintiff's claims for monetary damages in connection with the disciplinary proceeding are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Aucoin v. Cupil*, 958 F.3d 379, 382 (5th Cir. 2020). A finding in plaintiff's favor would imply that the forfeited good conduct time credits should be restored, and the finding would entitle plaintiff to an earlier release on mandatory supervision. Because a ruling in plaintiff's favor would affect the duration of his confinement, plaintiff does not have an actionable claim under § 1983 unless, and until, the disciplinary conviction is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 489.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration of all the pleadings and the relevant case law, the court concludes that the petitioner's objections lack merit.

## ORDER

Accordingly, plaintiff's objections (Dkt #15) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge (Dkt #10) is **ACCEPTED**. A final judgment will be entered in accordance with this order.

So ORDERED and SIGNED, Dec 10, 2020.

_____
Ron Clark
Senior Judge